IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2004

## SONYA GOSNELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Greene County**
**No. 02CR173     James E. Beckner, Judge**

---

**No. E2004-00941-CCA-R3-PC - Filed March 14, 2005**

---

The Appellant, Sonya Gosnell, appeals the Greene County Criminal Court's denial of her petition for post-conviction relief. On appeal, Gosnell raises the single issue of whether she was denied the effective assistance of counsel. After review of the record, we find no error and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Douglas L. Payne, Greeneville, Tennessee, Attorney for the Appellant, Sonya Gosnell.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; and Cecil C. Mills, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On February 1, 1999, the victim, Charles Gillette, was found dead in his residence from apparent gunshot wounds. Police seized spent shell casings and bullets from the victim's home. A pink coffee cup that the victim used to store cash, last seen containing between $400 and $500, was missing. The victim's former wife informed police that she had spoken with the victim on the previous evening and that the victim told her he was watching the Super Bowl with the Appellant and her husband, Bronzo Gosnell.

After questioning, the Appellant advised the police that she and her husband had been with the victim on the previous evening but had left shortly after 8:00 p.m. She denied any involvement in the homicide. However, on February 9, 1999, police executed a search warrant at the Gosnell

home. The search yielded the pink cup used by the victim to store money in addition to several spent shell casings and bullets. Forensic proof established that the bullets recovered from the victim's body and the shell casings found on the Appellant's property were fired from the same gun. The Appellant and her husband were indicted for first degree murder.

Following a joint trial with her husband, the Appellant was convicted of second degree murder. On direct appeal, a panel of this court affirmed the conviction and sentence. *State v. Gosnell*, 62 S.W.3d 740 (Tenn. Crim. App. 2001).

On September 20, 2002, the Appellant filed a *pro se* petition for post-conviction relief alleging, among other issues, that she was denied the effective assistance of counsel. After the appointment of counsel, an amended petition was filed. A post-conviction hearing was held on April 12, 2004, at which only trial counsel, the Appellant, and the Appellant's mother testified.

Trial counsel testified that while the Appellant assisted him in her defense, he "believed that most decisions [the Appellant] made were made either with the approval, common knowledge or advice of her husband." Trial counsel became concerned regarding this issue when he learned that Bronzo Gosnell had a history of violence. He was also informed that Bronzo Gosnell had mistreated the Appellant and had abused her physically and/or verbally. Based upon his concerns that his client was not making the decisions for herself, trial counsel requested a mental evaluation of his client, which determined that she was competent to stand trial and that the defense of insanity could not be supported. Additionally, trial counsel filed a motion requesting an additional independent expert to evaluate the Appellant to determine if she suffered from post-traumatic stress syndrome due to her husband's abusive behavior. This motion was denied by the trial court, along with a motion for severance of her case from that of her husband.

Trial counsel further stated that he interviewed witnesses whom he believed could exonerate the Appellant of the crime, but she refused to allow the witnesses to be called because it would implicate her husband. Moreover, although the State indicated a willingness to negotiate a plea agreement with the Appellant, the Appellant rejected any such offer.

The Appellant acknowledged at the hearing that she refused to cooperate with trial counsel in implicating her husband in the crime. She admitted refusing to allow him to call witnesses who could potentially exonerate her. She further testified that she was not afraid of her husband and that she rejected the plea offer because she thought the case would be dismissed if she went to trial. After hearing the evidence presented, the post-conviction court denied the petition. This appeal followed.

**Analysis**

On appeal, the Appellant alleges that she was denied the effective assistance of counsel at trial. To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). The Appellant must demonstrate that counsel's representation fell

below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependant upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068) (citations omitted).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *Id*. at 461. "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard with no presumption that the post-conviction court's findings are correct. *Id*.

Notwithstanding the fact that trial counsel did obtain a pre-trial mental evaluation of the Appellant, the Appellant now argues that counsel was ineffective for not seeking an additional psychological evaluation. The Appellant contends that this evaluation would have established that she was under the "obvious influence of her husband" during the period of time and that she was not "making decisions for herself." We find this argument ill-founded.

First, the record demonstrates that trial counsel did in fact seek an additional evaluation for psychological purposes, but the motion was denied by the trial court. As observed by the findings of the post-conviction court, "[trial counsel] can't be held at fault for that decision of the court because he tried to get it. He did everything he knew to get it, and the court denied it. The court denied it, and the decision by the court denying it was affirmed on appeal. . . ." Second, the Appellant's argument on appeal is directly contradicted by the Appellant's testimony at the post-conviction hearing, during which time she stated that she was not under the psychological dominance of her husband. The post-conviction court's findings reflect:

. . . [The Appellant has] been separated from her husband in prison now for over four years, going on five years, and today she's still protective of him, defensive of him, and still says the same things that she said over four years ago.

If she came in today and said, well, I was under his domination then and I was doing all this because of his domination, it would be one thing, but she comes in today and says the same things again: I'm not under his domination, I'm independent, I think for myself.

Finally, the record fails to establish that even if the Appellant had obtained an additional psychological evaluation, the evaluation would have supported a severance of the Appellant's case from that of her husband or that the results of the proceedings would have been different. As such, no prejudice has been shown.

In dismissing the Appellant's petition, the post-conviction court concluded:

This record shows today that [trial counsel] and his staff had this case prepared as well as it could possibly be prepared for trial. They filed all motions, heard all motions, that one could think of. They obtained every bit of discovery that could possibly be obtained. They discussed all matters with the petitioner and explained them. And there was simply no stone left unturned.

The court further observed that the Appellant had "handcuffed" the defense by refusing to allow witnesses to be called, noting that she "thwarted" the theories of the defense. We find nothing in the record which preponderates against the post-conviction court's findings and its conclusion that the Appellant received the effective assistance of counsel both at trial and on appeal.

## CONCLUSION

Based upon the foregoing, the decision of the Greene County Criminal Court denying the Appellant's petition for post-conviction relief is affirmed.

_____
DAVID G. HAYES, JUDGE